Strafford,  
May 5, 1908.

## Staples v. Boston & Maine Railroad.

Records of a railroad company purporting to show the movements of trains are not conclusive evidence upon the question whether a locomotive passed a certain point upon the road at a given time.

The fact that grass and undergrowth near a railroad track were found to be burning soon after the passage of a train warrants the inference that the fire was caused by sparks from the locomotive.

Case, for burning the plaintiff's buildings situated near the defendants' tracks in Milton. There was a trial by jury, resulting in a disagreement. The defendants moved for a nonsuit and for the direction of a verdict in their favor, and excepted to the denial of both motions. Transferred from the February term, 1907, of the superior court by *Wallace*, C. J.

*Mathews & Stevens*, for the plaintiff.

*Kivel & Hughes*, for the defendants.

WALKER, J. The principal contention of the defendant is that reasonable men could not find, as claimed by the plaintiff, that a locomotive passed over the track near the plaintiff's buildings about ten o'clock on the evening of the fire, which occurred about midnight, because the record kept by the defendant of the movement of its trains indicated that the last train over the road before the fire passed that point some four hours before. In view of the fact that several of the plaintiff's witnesses testified that they heard a train in that vicinity at about ten o'clock in the evening, the question presented relates merely to the weight to be attached to the evidence. There is no rule of law that makes the train-sheets conclusive proof of the movements of trains; and it cannot be said as a matter of law that the jury, upon a consideration of all the evidence, might not reasonably find that a train passed the plaintiff's premises at about ten o'clock.

There was evidence that the stubble on the declivity between the track and the end of the barn had been burned, that the fire extended to a pile of boards near the end of the barn, where the fire was first discovered, and that a brisk westerly wind arose about that time, which, fanning the smouldering fire, would naturally cause it to run toward the barn. Finding that the fire which destroyed the plaintiff's buildings started in the dry grass

by the side of the track and then worked its way up to the barn, the jury might also find that it was set by a spark from the locomotive which passed by at ten o'clock, in the absence of any other reasonable explanation of its origin. The fact that locomotives frequently emit sparks which fall near the track causing fires, is some evidence that where the grass or undergrowth near a track is on fire and trains have passed along within an hour or two, the fire was caused by sparks from a locomotive. It is not a mere conjecture, but may be a reasonable inference from the facts proved.

*Exceptions overruled.*

All concurred.